UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RON SIMON                                                                      CIVIL ACTION

VERSUS                                                                          No. 10-1911

J. VAN ROBICHAUX, JR., ET AL.                                         SECTION I/3

## ORDER AND REASONS

Before the Court are motions[1] to dismiss or, alternatively, to stay proceedings filed by defendants, J. Van Robichaux, Jr. ("Van Robichaux"), Robichaux Law Firm, Robert Arceneaux ("Arceneaux") and Vance Ellefson ("Ellefson"). Plaintiff, Ron Simon, opposes the motions.[2] For the following reasons, the motions are **GRANTED**.

### *BACKGROUND*

This lawsuit arises out of a fee dispute among plaintiff and defendants. Plaintiff and defendants represented Jimmy Lewis in a lawsuit for personal injury claims. Ultimately, Mr. Lewis's case was successfully prosecuted and the attorneys' fees associated with the matter exceed two million dollars.[3] Plaintiff asserts that he and defendants agreed that plaintiff would receive 20% of any contingency fee recovery in return for his work on the case.[4]

Following the final judgment in Lewis v. Diamond Offshore Company,[5] the trial court entered a consent judgment on January 4, 2010 permitting 66 2/3 percent of the attorneys' fees recovered in the case to be distributed to Ellefson, Van Robichaux and Arceneaux.[6] On January

---

[1] R. Doc. Nos. 4,5,6.
[2] R. Doc. No. 8.
[3] R. Doc. No. 8-2, p.3.
[4] Id. at p.1.
[5] No. 97-5576 (Civil District Court for the Parish of Orleans).
[6] R. Doc. No. 4-4.

1

11, 2010, plaintiff filed an intervention in the state court proceeding seeking recovery of 20% of the attorneys' fees.[7]

On July 8, 2010, plaintiff brought the instant action alleging breach of joint venture, breach of contract and unjust enrichment.[8]  Defendants have filed motions to dismiss seeking dismissal of plaintiff's claims because the Court lacks jurisdiction under the Rooker-Feldman doctrine.  In the alternative, defendants argue that the Court should either dismiss or stay the proceedings pursuant to the Colorado River doctrine.

## *LAW AND ANALYSIS*

Defendants contend that by asserting a breach of contract claim, plaintiff is asking the Court to invalidate a state court judgment.  This, they claim, is prohibited under the Rooker-Feldman doctrine.  Further, defendants assert that all of plaintiff's claims are inextricably intertwined with the state court's judgment because they would necessitate review of that decision.  Defendants, therefore, contend that all of plaintiff's claims should be dismissed.

The Rooker-Feldman doctrine holds that federal district courts lack subject matter jurisdiction to hear collateral attacks on state court judgments.[9] See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994).  "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief.  If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." Id. (quoting Feldman, 460 U.S. at 482 n.16) (footnote omitted).

---

[7] R. Doc. No. 4-3.
[8] R. Doc. No. 1.
[9] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2

Plaintiff seeks two forms of relief: (1) judgment in his favor for all damages arising out of the breach of joint venture, breach of contract and unjust enrichment claims and (2) return of attorneys' fees distributed to Arceneaux and Van Robichaux.[10] With respect to the second form of relief, the return of fees, plaintiff is clearly asking the court to set aside the apportionment of the funds dictated by the state court's judgment. The Court has no jurisdiction to review or disturb the consent judgment entered by the state court. See Shepard, 23 F.3d at 925.

The Court also has no jurisdiction to review plaintiff's claims for damages resulting from breach of joint venture, breach of contract and unjust enrichment. In both the case before this Court and the case pending before the state court, plaintiff seeks 20% of the attorneys' fees as allegedly promised in an original agreement between plaintiff and defendants.[11] "Rooker - Feldman is a bar not only to claims actually litigated in state court, but also to claims that are 'inextricably intertwined' with those that were litigated. Thus, review is precluded by Rooker - Feldman whenever 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" MAPP Constr., LLC v. M&R Drywall, Inc., 294 Fed.Appx. 89, 91 (5th Cir. Sept. 24, 2008) (citing Feldman, 460 U.S. at 486-87) (quoting Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 202 (4th Cir. 2000)).

In the case currently pending before the state court, the state court has "retain[ed] jurisdiction to resolve any dispute regarding this matter or interpretation of this Judgment,"[12] indicating that the court has undertaken the task of determining the proper allocation of the attorneys' fees. Plaintiff has not yet "lost" in state court—the court may still award him the full

---

[10] R. Doc. No. 1, pp.8-9.
[11] Plaintiff has asserted three causes of action against the defendants in this case, but all three causes of action seek damages based on defendants' alleged failure to honor an agreement entitling plaintiff to 20% of the attorneys' fees. R. Doc. No. 1. In plaintiff's intervention in state court, plaintiff also seeks judgment "recognizing that Ron Simon is entitled to his twenty percent interest" of the attorneys' fees. R. Doc. No. 4-3, pp.2-3.
[12] R. Doc. No. 4-4, p.2.

amount to which he claims entitlement[13] which would moot this case—but in determining whether plaintiff will receive 20% of the total amount of attorneys' fees, the state court will necessarily consider plaintiff's fee agreement with defendants.  Therefore, should plaintiff not recover the amount to which he claims he is entitled in state court, success in the instant case would require a determination that the state court wrongly interpreted plaintiff's rights under the fee agreement with defendants.  Accordingly, the Court finds that plaintiff's claims in the instant case are inextricably intertwined with the outcome of plaintiff's claim currently pending in state court and this Court is precluded from reviewing such claims.

For the foregoing reasons,

**IT IS ORDERED** that defendants' motions[14] to dismiss for lack of subject matter jurisdiction are **GRANTED**.

**IT IS FURTHER ORDERED** that because this Court lacks subject matter jurisdiction in this case,[15] plaintiff's claims are **DISMISSED**.

New Orleans, Louisiana, January 14, 2011.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[13] This possibility undercuts plaintiff's assertion that his state court intervention cannot protect his rights because the parties' claims exceed the amount available.

[14] R. Doc. Nos. 4,5,6.

[15] Because the Court finds that it lacks subject matter jurisdiction in this case, the Court need not consider defendants' alternative arguments to dismiss or stay the case or their request to join The Glorioso Law Firm as an additional required party.